**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

United States of America,                        Criminal No. 05-81165

    Plaintiff,                                 Hon. Sean Cox
                                               United States District Judge

vs.

Khaophone Sychantha,

    Defendant.
_____/

## MOTION TO WITHDRAW

Now comes David I. Lee, defense counsel, and hereby moves to withdraw from the instant matter and in support of this motion states as follows:

1. Defendant is charged with Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance contrary to 21 U.S.C. Sections 846 and 841 et seq., and three counts of Possession with Intent to Distribute a Controlled Substance contrary to 21 U.S.C. Section 841 et seq.

2. Defense counsel was appointed to represent defendant on May 12, 2023. Since that time, defense counsel has read and listened to discovery, conducted many meetings with defendant (mainly at the Sanilac County Jail where he has been housed), participated in discussions with the United States Attorney's office and attended all court proceedings and conferences.

3. Defense counsel believed that he and defendant enjoyed a very good attorney/client relationship, specifically in the months of July, August and September of this year. Counsel was preparing for a jury trial in this matter and was beginning to put together a "trial team" and researching pre-trial motions.

4. In early October, for reasons unknown to defense counsel, the attorney-client relationship began to deteriorate. Defendant is obsessed with the notion that defense counsel should be challenging his extradition from Canada and interacting

somehow with the Canadian Embassy in this matter. In fact, he will discuss nothing else with counsel. When it is pointed out to defendant that there are a myriad of more pressing and important issues to address in this matter, he begins to berate defense counsel. He has, on several occasions, suggested that counsel is somehow "in league" with the government and not representing him.

5. Defendant has made it clear to defense counsel that he no longer wishes to be represented by him. Despite counsel's best efforts, defendant refuses to listen to basic concepts regarding federal guidelines, criminal procedure, motion practice, and other important concepts essential for counsel to effectively represent him.

6. In summary, it is impossible to conduct a rational discussion regarding the instant matter with defendant.

7. Defense counsel believes that a breakdown of the attorney/client relationship has occurred and that it would be better for all concerned if defense counsel be allowed to withdraw from the instant matter.

Therefore, defense counsel prays that this honorable court grant this motion and allow new counsel to be appointed for defendant.

Respectfully submitted,

/S/ David I. Lee
David I. Lee (P39305)
615 Griswold, Ste. 722
Detroit, MI 48226
(248)755-3842
davidileelaw@yahoo.com

Dated: November 1, 2023

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

        Plaintiff,

-vs-                                    Case No. 05-81165

                                              Hon. Sean Cox

Khaophone Sychantha,

        Defendant.

_____/

## BRIEF IN SUPPORT OF MOTION TO ALLOW COUNSEL TO WITHDRAW

Counsel was appointed to represent defendant on May 12, 2023. Since that time, counsel believes that he has done everything possible to obtain the best results under defendant's difficult circumstances. Defendant is a man with little understanding of the federal criminal justice system, and is now attempting to instruct counsel on how he should be represented. Counsel cannot represent defendant effectively in such a hostile environment. Counsel no longer wishes to be subjected to tirades, demands for frivolous motions to be filed and defendant's absurd concerns that are irrelevant to these proceedings. Rule 57.1 of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

(a) An attorney, whether retained or appointed, who enters a post-indictment appearance shall continue to represent the defendant until the case is dismissed, the defendant is acquitted, or the direct appeal is completed unless the attorney is granted leave to withdraw by the District Court or the Court of Appeals if notice of appeal has been filed.

(b) An attorney who has appeared in a criminal case may thereafter withdraw only by written motion served upon the defendant personally or at the defendant's last-known address and upon all other parties. The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise in the interest of justice.

(c) The United States Attorney shall advise the Clerk and the District Judge to whom the case is assigned regarding any change in the attorney for the United States responsible for the prosecution.

In the instant matter, allowing counsel to withdraw will not unduly delay this matter nor will it be prejudicial to any party. In fact, counsel believes by allowing his withdrawal a new attorney will be able to represent defendant more effectively and all parties will be best served by the appointment of new counsel.

Respectfully submitted,

/s/ David I. Lee
DAVID I. LEE P39305
615 Griswold, Suite 722
Detroit, MI 48226
(248)755-3842
davidilee@yahoo.com

Dated : November 1, 2023