UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Case No. 05-cr-81165

v.

                                                   Hon. Sean F. Cox

D-1    KHAOPHONE SYCHANTHA,          United States District Court Judge

    Defendant.
_____/

**<u>MEMORANDUM OPINION & ORDER GRANTING DEFENDANT'S ORAL MOTION TO REPRESENT HIMSELF AND APPOINTING STANDBY COUNSEL</u>**

Attorney David Lee was appointed to represent Defendant Khaopone Sychantha in May 2023. Defendant was dissatisfied with Lee's representation and Lee moved to withdraw in December 2023. The Court granted Lee's motion and attorney David Steingold was appointed in December 2023. At a recent hearing on September 20, 2024, Defendant voiced his displeasure with Mr. Steingold's representation and orally moved the Court to permit him to represent himself.

"[T]he Sixth Amendment guarantee[s] a criminal defendant the right to represent himself or herself at trial." *United States v. Jones*, 489 F.3d 243, 248 (6th Cir. 2007). But the Sixth Amendment also guarantees the right to be represented by counsel, and this Court must assure itself that a defendant has "knowingly and intelligently waive[d]" the latter right before it permits him to exercise the former. *United States v. McBride*, 362 F.3d 360, 366 (6th Cir. 2004). The Court found that Defendant knowingly and intelligently waived his right to counsel at the September 20, 2024, hearing and shall permit him to represent himself.

1

But Defendant's right to self-representation is not absolute. The Court may "appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation becomes necessary." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). Defendant agreed at the September 20, 2024, hearing that Steingold should serve as standby counsel. The Court shall so order.

The Court may also "terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Id.* And a defendant may forfeit his right to be present at trial "if, after he has been warned by the judge . . . , he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois v. Allen*, 397 U.S. 337, 343 (1970). There shall be a zero-tolerance policy for disruptive or violent behavior at Defendant's trial and the Court shall terminate his self-representation if necessary.

It is hereby **ORDERED** that Defendant's oral motion for self-representation is **GRANTED** and he may proceed *pro se*. It is further **ORDERED** that attorney David Steingold is **APPOINTED** to serve as standby counsel for Defendant.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 2, 2024