# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff,              Case No. 2:05-cr-81165
                                          Honorable Sean F. Cox

v.

Khaophone Sychantha,

                Defendant.

_____/

## FINAL JOINT PROPOSED JURY INSTRUCTIONS & VERDICT FORM

      The parties hereby submit the attached final joint proposed jury instructions

and verdict form.

Respectfully submitted,

DAWN N. ISON
United States Attorney

_s/Jason Dorval Norwood_         _/s/_ Khaophone Sychantha (w/ consent)
Jason Dorval Norwood               Khaophone Sychantha
T. Patrick Martin
Assistant United States Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226

Date: October 18, 2024

## GENERAL PRINCIPLES

## INTRODUCTION

(1)    Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)    I will start by explaining your duties and the general rules that apply in every criminal case.

(3)    Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

(4)    Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)    And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)    Please listen very carefully to everything I say.

## JUROR'S DUTIES

(1)    You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)    Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)    The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4)    Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

3

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

(1)    As you know, the defendant has pleaded not guilty to the crime charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crime he is accused of committing.  It does not even raise any suspicion of guilt.

(2)    Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)    This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)    The government must prove every element of the crime charged beyond a reasonable doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

4

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## EVIDENCE DEFINED

(1)    You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence you decision in any way.

(2)    The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the parties agreed to.

(3)    Nothing else is evidence.  The lawyers' statement and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments are not evidence.

(4)    During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)    Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

(1)     You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)     In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

(3)     The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

(1)    Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)    Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)    Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)    It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

(1)     Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

> a.  Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.
>
> b.  Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?
>
> c.  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.
>
> d.  Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?
>
> e.  Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any

bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

f.  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

g.  And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)   These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think

shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

(4)    The testimony of a law enforcement officer is entitled to no greater weight than that of other witnesses simply because he or she is a law enforcement officer.

11

## NUMBER OF WITNESSES

(1)    One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)    Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## LAWYERS' OBJECTIONS

(1)    There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)    The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)    And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## **DEFINING THE CRIME**

## **INTRODUCTION**

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(3)     Also keep in mind that whether anyone else should be prosecuted and convicted for this crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## COUNT ONE

**CONSPIRACY TO VIOLATE THE DRUG LAWS (21 U.S.C. § 846)**

(1)     Count One of the indictment charges the defendant with conspiracy to possess with intent to distribute controlled substances.

(2)      It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(3)     A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    (A)     First, that beginning or about May 1, 2003 and continuing throughout on or about January 2011, defendant, together with others known and unknown, did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree to possess, with the intention to distribute, and distribute one or more controlled substances, specifically:

        • a substance containing a detectable amount of N-Benzylpiperazine, also known as "BZP," which is a scheduled I controlled substance;

        • 500 grams or more of a substance containing a detectable

amount of methamphetamine, which is a scheduled II controlled substance; and

- 5 grams or more of methamphetamine, which is a scheduled II controlled substance; and

- a substance containing a detectable amount of MDMA (3,4 – methylenedioxymethamphetamine), also known as "ecstasy," which is a scheduled I controlled substance; and

(B)   Second, that the defendant knowingly and voluntarily joined the conspiracy.

(4)   Now I will give you more detailed instructions on some of these terms.

(A)   With regard to the first element, a criminal agreement, the government must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute or to possess with intent to distribute a controlled substance.

(i)   This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and

talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(ii)   What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with intent to distribute controlled substances. This is essential.

(iii)   An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(iv)   One more point about the agreement. The indictment accuses the defendant of conspiring to commit several drug crimes. The government does not have to prove that the defendant agreed to commit all these crimes. But the government must prove an agreement to commit at least

17

one of them for you to return a guilty verdict on the conspiracy charge.

(B)   With regard to the second element, a defendant's connection to the conspiracy, the government must prove that the defendant knowingly and voluntarily joined that agreement.

   (i)   The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

   (ii)   This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

   (iii)   Further, this does not require proof that a defendant knew the drugs involved were N-Benzylpiperazine ("BZP"), methamphetamine, or MDMA (3,4–methylenedioxymethamphetamine; "ecstasy"). It is enough that the defendant knew that it was some kind of

18

controlled substance. Nor does this require proof that a defendant knew how much N-Benzylpiperazine ("BZP"), methamphetamine, or MDMA (3,4 – methylenedioxymethamphetamine; "ecstasy") was involved. It is enough that the defendant knew that some quantity was involved.

(iv) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(v) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and

19

circumstances existed in this particular case.

(5)    You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find a defendant guilty of the conspiracy charge.

(6)    Finally, to convict the defendant of the conspiracy charge, the government must convince you beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the indictment. If the government fails to prove this, then you must find that defendant not guilty of the conspiracy charge, even if you find that he was a member of some other conspiracy. Proof that a defendant was a member of some other conspiracy is not enough to convict. But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government also proved that he was a member of the conspiracy charged in the indictment.

## UNANIMITY REQUIRED ON COUNT ONE: DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (§ 846)

(1)     The defendant is charged in Count One of the indictment with conspiracy to possess with intent to distribute controlled substances. If you find a defendant guilty of this Count, you will then be asked to determine the type and quantity of the controlled substances involved in the conspiracy attributable to him. The verdict form has an additional question relating to this issue.

(2)     If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the conspiracy involved the amount of a controlled substance as alleged in the indictment as attributable to a defendant, then please indicate this finding on the verdict form.

(3)     If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt a lesser quantity than alleged in the indictment, then please indicate that finding on the verdict form.

(4)     In determining the type and quantity of controlled substances involved in the conspiracy attributable to a defendant, you must determine what type and quantity of controlled substance that the defendant either

personally agreed, or encouraged, would be possessed with the intent to distribute, or that he could have reasonably foreseen would be possessed with the intent to distribute, as part of the conspiracy.

# COUNT TWO

## POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE (21 U.S.C. § 841(a)(1))

(1) The defendant is charged in Count Two with the crime of possession of a controlled substance with intent to distribute. N-Benzylpiperazine ("BZP"), methamphetamine, and MDMA (3,4 – methylenedioxymethamphetamine; "ecstasy") are controlled substances. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt.

    (A)      First, on or about December 18, 2008, the defendant knowingly possessed a controlled substance, specifically:

- a substance containing a detectable amount of N-Benzylpiperazine, also known as "BZP," which is a scheduled I controlled substance;

- a substance containing a detectable amount of MDMA (3,4 – methylenedioxymethamphetamine), also known as "ecstasy," which is a scheduled I controlled substance; and

    (B)      Second, the defendant intended to distribute these controlled substances.

23

## COUNT THREE

## POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE (21 U.S.C. § 841(a)(1))

(2) The defendant is charged in Count Three with the crime of possession of a controlled substance with intent to distribute. N-Benzylpiperazine ("BZP"), methamphetamine, and MDMA (3,4 – methylenedioxymethamphetamine; "ecstasy"), are controlled substances. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt.

(A)     First, on or about January 26, 2009, the defendant knowingly possessed a controlled substance, specifically:

- a substance containing a detectable amount of N-Benzylpiperazine, also known as "BZP," which is a scheduled I controlled substance;

- 500 grams or more of a substance containing a detectable amount of methamphetamine, which is a scheduled II controlled substance;

- 5 grams or more of methamphetamine, which is a scheduled II controlled substance; and

- a substance containing a detectable amount of MDMA (3,4 – methylenedioxymethamphetamine), also known as "ecstasy," which is a scheduled I controlled substance; and

24

(B)      Second, the defendant intended to distribute these controlled

substances.

**UNANIMITY REQUIRED ON COUNT THREE: DETERMINING
AMOUNT OF  CONTROLLED SUBSTANCE (§ 841)**

(1)  The defendant is charged in Count Three of the indictment with possession of a
controlled substance with intent to distribute. If you find the defendant guilty of
Count Three, you will then be asked to determine the quantity of the controlled
substance involved in the offense. You will be provided with a special verdict
form for this purpose.

(2)  If you find by unanimous agreement that the government has proved beyond a
reasonable doubt that the offense involved the amount of a controlled substance as
alleged in the indictment, then please indicate this finding on the verdict form.

(3)  If you do not so find, you will then be asked to determine whether the government
has proved a lesser quantity. If you unanimously find that the government has
proved beyond a reasonable doubt a lesser quantity than alleged in the indictment,
then please indicate that finding on the verdict form.

(4)  In determining the type and quantity of controlled substances involved in the
conspiracy attributable to a defendant, you must determine what type and quantity
of controlled substance that the defendant either personally agreed, or encouraged,
would be possessed with the intent to distribute, or that he could have reasonably
foreseen would be possessed with the intent to distribute, as part of the conspiracy

**UNINDICTED, UNNAMED OR SEPARATELY TRIED CO-CONSPIRATORS**

(1)    Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

(2)    Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## ACTUAL AND CONSTRUCTIVE POSSESSION

(1)    Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the controlled substances for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(2)    To establish actual possession, the government must prove that the defendant had direct, physical control over the controlled substances, and knew that he had control of it.

(3)    To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the controlled substances, and knew that he had this right, and that he intended to exercise physical control over the controlled substances, either directly or through other persons.

(4)    For example, if you left something with a friend intending to come back later and pick it up or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5)    But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the controlled substances, and knew that he did, for

you to find him guilty of this crime.  This, of course, is all for you to decide.

## JOINT POSSESSION

(1)   One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the controlled substances. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

(2)   But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the controlled substances, and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

## USE OF THE WORD "AND" IN THE INDICTMENT

Although the indictment charges that a statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

## INFERRING REQUIRED MENTAL STATE

(1)     Next, I want to explain something about proving a defendant's state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

**SPECIAL EVIDENTIARY MATTERS**

**INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

(1)     A defendant has an absolute right not to testify or present evidence.  The fact that he did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)     Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

## OPINION TESTIMONY

(1)     You have heard the testimony of narcotics trafficking witness Daniel
Christenson and chemists Heather Miller, Carrie Gallagher, Alexandra
Ambriz, and Timothy Anderson, who testified as opinion witnesses.

(2)     You do not have to accept the opinions of any of these witnesses. In
deciding how much weight to give them, you should consider each witness's
qualifications and how he or she reached his or her conclusions. Also
consider the other factors discussed in these instructions for weighing the
credibility of witnesses.

(3)     Remember that you alone decide how much of a witness's testimony to
believe, and how much weight it deserves.

## TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY

(1)     You have heard the testimony of John Tetreau. You have also heard that the government promised to and did move for a reduction in his sentence in exchange for his cooperation.

(2)     It is permissible for the government to make such a promise. But you should consider Mr. Tetreau's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

(3)     Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## TESTIMONY OF AN ACCOMPLICE

(1)    You have heard the testimony of Tammy Thompson, Asad Malik, Ron Quizon, John Tetreau, Lauren Oman, and Donte Shavers. You have also heard that they were involved in the same crimes that the defendant is charged with committing. You should consider their testimony with more caution than the testimony of other witnesses.

(2)    Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe the witness's testimony beyond a reasonable doubt.

(3) The fact that such a witness has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

## TRANSCRIPTIONS OF RECORDINGS

You have heard some recordings that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. Only the recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

## DELIBERATIONS AND VERDICT

## INTRODUCTION

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4)     If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

(5)    One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split.

## UNANIMOUS VERDICT

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)     To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)     To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

(1)    Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)    But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)    No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should feel free to speak your minds.

(4)    Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

(1)     If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

(1)     I have prepared a verdict form that you should use to record your verdict.

The form reads as follows:

## **VERDICT FORM**

We, the jury, unanimously find the following:

## **COUNT ONE**

**Question 1:** With respect to the charge in Count One of the indictment which charges the defendant with conspiracy to possess with intent to distribute or to distribute a controlled substance, we the jury find the defendant:

_____ Not Guilty      _____ Guilty

*If you answered **Guilty** in response to Question 1, proceed to Question 1.a. If you answered **Not Guilty** in response to Question 1, proceed to Count 2.*

**Question 1a:** With respect to Count One, did the offense involve at least 500 grams of a substance containing a detectable amount of methamphetamine?

_____ Yes     _____ No

*If you answered **Yes** to Question 1a, then skip Question 1b and proceed to Question 1c.  If you answered **No** to Question 1a, then proceed to Question 1b.*

**Question 1b:** With respect to Count One, did the offense involve at least 50 but not more than 500 grams of a substance containing a detectable amount of methamphetamine?

_____ Yes     _____ No

*Regardless of your answer, proceed to Question 1c.*

**Question 1c:**  With respect to Count One, did the offense involve at least 5 grams of pure methamphetamine?

_____ Yes     _____ No

*Proceed to Count Two.*

## COUNT TWO

Question 2:  With respect to the charge in Count Two of the indictment, which charges the defendant with possession with intent to distribute a controlled substance, we the jury find the defendant:

_____ Not Guilty     _____ Guilty

*Proceed to Count Three.*

## **COUNT THREE**

**Question 3:** With respect to the charge in Count Three of the indictment, which charges the defendant with possession with intent to distribute a controlled substance, we the jury find the defendant:

_____ Not Guilty _____ Guilty

*If you answered **Guilty** in response to Question 3, proceed to Question 3a.*

**Question 3a.:** With respect to Count Three, did the offense involve at least 500 grams of a substance containing a detectable amount of methamphetamine?

_____ Yes _____ No

*If you answered **Yes** to Question 3a, skip Question 3b and proceed to Question 3c. If you answered **No** to Question 3a, proceed to Question 3b.*

**Question 3b.:** With respect to Count Three, did the offense involve at least 50 but not more than 500 grams of a substance containing a detectable amount of methamphetamine?

_____ Yes _____ No

*Regardless of your answer, proceed to Question 3c.*

**Question 3c:** With respect to Count Three, did the offense involve at least 5 grams of pure methamphetamine?

_____ Yes _____ No

_____

Foreperson

_____

Date

**VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

(1)    Remember that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## JUROR NOTES

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.