UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                       Case No. 05-cr-81165

v.

                                       Hon. Sean F. Cox

D-1    KHAOPHONE SYCHANTHA,        United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND
<u>NEW TRIAL (ECF No. 200)</u>**

In this criminal case, the defendant was transferred from Canada to the United States to stand trial. The defendant was subsequently convicted by a jury, and he now moves the Court to disturb that verdict because his transfer to this country was unlawful. The Court disagrees and shall deny the defendant's motion.

**BACKGROUND**

The grand jury in this case indicted Defendant Khaophone Sychantha on drug conspiracy and distribution charges in 2013. Sychantha is a Canadian citizen, and he alleges he was apprehended in Canada and transferred to the United States in 2023 to stand trial on that indictment without a formal extradition proceeding.[1] Sychantha had his initial appearance in this Court in May 2023, and public defender David Lee accepted appointment as his counsel. Sychantha subsequently pleaded not guilty and consented to detention pending trial.

---

[1] The Government filed a brief disputing Sychantha's allegations, and that brief cites to exhibits that the Government alleges show Sychantha was formally and lawfully extradited from Canada to the United States. (ECF No. 180). But the Government never attached those exhibits to its brief. The Court accordingly assumes that, as Sychantha alleges, he was transferred to the United States from Canada without formal extradition process.

1

Lee later moved to withdraw from representing Sychantha. According to Lee, his relationship with Sychantha had broken down because "Defendant is obsessed with the notion that defense counsel should be challenging his extradition from Canada" even though "there are a myriad of more pressing and important issues to address." (ECF No. 78, PageID.186, 187). The Court permitted Lee to withdraw, and public defender David Steingold accepted appointment as new counsel for Sychantha.

Steingold later filed a motion that Sychantha had drafted himself. (ECF No. 93-1). That motion seeks dismissal of the indictment on the ground that Sychantha's transfer from Canada to the United States had been unlawful. But Steingold stated that he could not "endorse any of [the] arguments" Sychantha made in that motion. (ECF No. 93, PageID.237). The Court accordingly struck Sychantha's motion because the Court had never approved hybrid representation.

Steingold later moved to evaluate Sychantha's competency to stand trial. The Court ordered a psychiatric examination pursuant to 18 U.S.C. § 4241(b), Sychantha was evaluated, and a report was prepared. The Court reviewed that report and found Sychantha competent.

At a subsequent pretrial hearing, Sychantha voiced displeasure with Steingold's representation and orally moved the Court to represent himself. The Court granted Sychantha's motion and appointed Steingold as standby counsel.

Trial began a few weeks later. On the first day of trial, Sychantha filed a *pro se* motion for appointment of counsel. According to Sychantha, he did not understand the implications of representing himself at trial and Steingold's performance as standby counsel had been unsatisfactory. The Court disagreed and denied Sychantha's motion.

On the second day of trial, Sychantha filed two *pro se* motions to dismiss his indictment. The first motion argued that Sychantha's prosecution violated the Speedy Trial Act and the

second argued that Sychantha's transfer from Canada to the United States had violated his due-process rights.  While both those motions were pending, the jury returned a verdict convicting Sychantha on all counts.

Several days after the verdict but before the Court had ruled on Sychantha's motions to dismiss, Sychantha filed two new *pro se* motions to dismiss that were identical to his earlier two motions to dismiss.  The Court ordered the Government to respond to Sychantha's (now four) pending motions.  Before the Government filed any response, Sychantha filed an additional two *pro se* motions to dismiss that were again identical to the two motions he had already filed twice.

While Sychantha's (now six) motions to dismiss were pending, he filed a *pro se* notice of appeal that challenged the jury's verdict.  (ECF No. 21).  A few days later, Steingold moved to withdraw as advisory counsel.  Sychantha's notice of appeal divested this Court of jurisdiction to resolve his motions to dismiss, so the Court denied them.  The Court also granted Steingold's motion to withdraw and ordered that new standby counsel be appointed for the purposes of sentencing.

Public defender Mark Magidson has since accepted appointment as Sychantha's new standby counsel, and the Sixth Circuit dismissed Sychantha's notice of appeal for lack of jurisdiction.  Sychantha's sentencing is set for June 2025.

In a *pro se* motion, Sychantha now alleges that the Court lacks jurisdiction over this case and also seeks relief under Federal Rules of Criminal Procedure 29 and 33.  (ECF No. 200).  Sychantha has since filed a declaration in support of his motion (ECF No. 202), and the Court construes this filing as part of Sychantha's motion.  Briefing on Sychantha's motion has closed, and the Court now denies it without a hearing for the following reasons.

**ANALYSIS**

Sychantha argues that the Court lacks jurisdicion over this case and alternatively that he is entitled to a judgment of acquittal or a new trial. The Court disagrees.

**I.     Jurisdictional Challenge**

In support of the instant motion, Sychantha offers a declaration stating that he is "a Canadian citizen and ha[s] never voluntarily entered the United States" and "was arrested without any extradition process and brought to the United States against [his] will." (ECF No. 202, PageID.1692). Sychantha also cites Federal Rules of Criminal Procedure 29 and 33, and those rules govern judgments of acquittal and orders for new trials, respectively. *See* Fed. R. Crim. P. 29, 33. But as discussed below, Sychantha's challenge to his transfer from Canada to the United States goes to this Court's jurisdiction over this case. The Court accordingly construes Sychantha's challenge to his transfer to the United States as a "motion that the court lacks jurisdiction."[2] Fed. R. Crim. P. 12(b)(2).

Sychantha has argued that his transfer from Canada to the United States extinguished this Court's jurisdiction for three reasons.[3] *First*, because Sychantha's transfer from Canada to the United States violated 18 U.S.C. § 3184. That statute describes what happens in federal court when a foreign country asks the Government to extradite a fugitive under an extradition treaty. *See* § 3184. But Sychantha was transferred *to* the United States *from* Canada, so § 3184 is inapposite here.[4]

---

[2] Motions that a court lacks jurisdiction "may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2).
[3] Sychantha detailed these reasons in his prior *pro se* motions to dismiss.
[4] Equally irrelevant are the cases Sychantha cited where defendants challenged their extraditions from the United States. *E.g.*, *United States v. Kin-Hong*, 110 F.3d 103 (1st Cir. 1997); *In re Extradition of McMullen*, 989 F.2d 603 (2d Cir. 1993) (en banc); *Martin v. Warden*, 993 F.2d 824 (11th Cir. 1993); *Escobedo v. United States*, 623 F.2d 1098 (5th Cir. 1980).

*Second*, Sychantha has argued that his transfer from Canada to the United States violated article 11(3) of the extradition treaty between the United States and Canada (the "Treaty"). The Treaty permits the United States to submit formal extradition requests to Canada "through the diplomatic channel." Treaty on Extradition Between the United States of America and Canada, Can.-U.S., art. 9(1), Dec. 3, 1971, 27 U.S.T. 985, 990. Article 11(1) of the Treaty additionally permits the United States to, "[i]n case of urgency," "apply for the provisional arrest" of a fugitive in Canada pending a formal request for extradition through the diplomatic channel. *Id.* art. 11(1), 27 U.S.T. at 991. And article 11(3) of the Treaty states that an individual who was provisionally arrested under article 11(1) "shall be set at liberty" if no formal extradition request is received within sixty days. *Id.* art. 11(3), 27 U.S.T. at 991, *amended by* Protocol Amending the Treaty of Extradition Between the United States of America and Canada, Can.-U.S., art. VI, at 2–3, Jan. 11, 1988, T.I.A.S. No. 91-1126.

Sychantha apparently believes he was arrested under article 11(1) of the Treaty and detained for over sixty days without any formal extradition request in violation of article 11(3). But article 11(3)'s plain language restricts *Canadian* authorities from provisionally detaining a defendant *in Canada* for over sixty days without a formal extradition request from the United States (and vice versa); neither article 11 nor any other part of the Treaty restrict *the United States* from *prosecuting* an individual whom article 11(3) required Canadian authorities to set at liberty. As such, Sychantha's reliance on the Treaty is misplaced. *Cf. United States v. Alvarez-Machain*, 504 U.S. 655 (1992) (reaching a similar conclusion with respect to the United States's extradition treaty with Mexico).

*Third* and last, Sychantha has invoked *United States v. Toscanino*, 500 F.2d 267 (2d Cir. 1974). There, a criminal defendant, Francisco Toscanino, alleged he was only present before the

5

federal district court because U.S. federal agents had kidnapped him from his home in Uruguay; driven him to Brazil and interrogated him while electrocuting his genitals; and drugged him and put him on a PanAm flight "destined for the waiting arms of the United States government." *Id.* at 270. Toscanino moved the district court to dismiss his indictment due to the agents' misconduct and the district court held that the *Ker–Frisbie* doctrine precluded Toscanino's challenge.

The *Ker–Frisbie* doctrine stems from the Supreme Court's decisions in *Ker v. Illinois*, 119 U.S. 436 (1886), and *Frisbie v. Collins*, 342 U.S. 519 (1952). In *Ker*, the Supreme Court confronted "how far [a criminal defendant's] forcible seizure in another country, and transfer by violence, force, or fraud to this country, could be made available to resist [a criminal] trial in [a] state court." 119 U.S. at 444. The court held that "the constitution or laws or treaties of the United States" did not "guaranty" such a defendant "any protection." *Id.* And *Frisbie* opined that the Supreme Court "has never departed from the rule announced in *Ker* . . . that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of 'forcible abduction.'" *Frisbie*, 342 U.S. at 522.

Toscanino appealed, and the Second Circuit held that the *Ker–Frisbie* doctrine was not dispositive because "[s]ince *Frisbie* the Supreme Court . . . has expanded the interpretation of 'due process.'" *Toscanino*, 500 F.2d at 272. The Second Circuit concluded that a district court must "divest itself of jurisdiction over the person of a defendant where it has been acquired as the result of the government's deliberate, unnecessary and unreasonable invasion of the

6

accused's constitutional rights" and remanded for a determination of whether that had occurred with respect to Toscanino.[5] *Id* at 275.

Sychantha, like Toscanino, argues that his "kidnapping" from another country extinguished the power of federal district courts to adjudicate criminal allegations against him. And Sychantha, like Toscanino, must contend with the *Ker–Frisbie* doctrine.

The Sixth Circuit has never squarely recognized a "'*Toscanino* exception' to the *Ker–Frisbie* doctrine." *United States v. Pelaez*, 930 F.2d 520, 525 (6th Cir. 1991). The Fifth, Seventh, and Eleventh Circuits have expressly rejected that the exception exists. *See United States v. Herrera*, 504 F.2d 859, 860 (5th Cir. 1974) (per curiam); *Matta-Ballesteros v. Henman*, 896 F.2d 255, 260–63 (7th Cir. 1990); *United States v. Darby*, 744 F.2d 1508, 1531 (11th Cir. 1984). Other circuits have expressed skepticism. *E.g.*, *United States v. Best*, 304 F.3d 308, 313 (3d Cir. 2022) (explaining that "there is reason to doubt the soundness of the *Toscanino* exception"). *But cf. United States v. Matta-Ballesteros*, 71 F.3d 754, 764 (9th Cir. 1995) (explaining that a *Toscanino*-type exception to the *Kerr–Frisbie* doctrine exists "if [a] defendant c[an] demonstrate governmental misconduct 'of the most shocking and outrageous kind'" (quoting *United States v. Valot*, 625 F.2d 308, 310 (9th Cir. 1980))).

The Court need not resolve whether the *Toscanino* exception is good law in this Circuit to resolve Sychantha's motion because the *Toscanino* exception would not apply here in any event. That is true because "the Second Circuit narrowed the reach of *Toscanino* in a subsequent opinion by clarifying that a defendant must prove 'torture, brutality, and similar outrageous conduct' by federal officials in order to establish a violation of the due process clause." *Pelaez*,

---

[5] The district court again denied Toscanino's motion on remand, this time because he had not proven government involvement in his forcible transfer. *United States v. Toscanino*, 398 F. Supp. 916 (E.D.N.Y. 1975).

930 F.2d at 525 n.2 (quoting *United States ex rel. Lujan*, 510 F.2d 62, 65 (2d Cir. 1975)); *cf. Matta-Ballesteros*, 71 F.3d at 764. Sychantha has never alleged that his transfer to the United States "was accomplished through torture, brutality, or physical force" of the kind at issue in *Toscanino*, *Pelaez*, 930 F.2d at 525, so the *Toscanino* exception does not help him here.

Sychantha's jurisdictional challenge fails.

## II. Judgment of Acquittal

Sychantha also seeks relief under Federal Rule of Civil Procedure 29. That rule permits defendants to "move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Sychantha filed the instant motion several months after the jury returned a verdict and was discharged, so his request for a judgment of acquittal is untimely.

The Court shall not issue a judgment of acquittal.

## III. New Trial

Last, Sychantha invokes Federal Rule of Civil Procedure 33. That rule permits defendants to seek a new trial based on newly discovered evidence "within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Rule 33 also permits defendants to seek a new trial for "any reason *other than* newly discovered evidence . . . within 14 days after the verdict or finding of guilty." *Id.* r. 33(b)(2) (emphasis added). Because Sychantha filed the instant motion several months after the jury reached a guilty verdict, he can only seek a new trial under Rule 33 based on new evidence.

In his declaration, Sychantha states that "[m]ultiple court-appointed attorneys refused to investigate [his] claims or file motions"; he "requested new counsel several times, but was forced to proceed without legal representation"; he "did not understand the legal proceedings, rules of

8

evidence, or procedures of trial"; and he "was not capable of representing [him]self at trial and was denied a fair opportunity to defend [him]self."  (ECF No. 202, PageID.1692).

The Court has already made findings that conflict with Sychantha's interpretation of the record.  The Court found that Sychantha is competent and that he voluntarily and intelligently waived his right to counsel.  The Court has also rejected attempts by Sychantha to obtain new counsel on the ground that he did not validly waive his right to counsel.  And the Court has found Sychantha's numerous complaints regarding his counsels' performances to be meritless.  Sychantha presents no new evidence undermining these conclusions.

The Court shall not grant a new trial.

## CONCLUSION & ORDER

The Court has jurisdiction over this case and Sychantha is not entitled to a judgment of acquittal or a new trial.  Accordingly, **IT IS ORDERED** that Sychantha's motion (ECF No. 200) is **DENIED**.

**IT IS SO ORDERED.**

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated:  May 30, 2025

I hereby certify that on May 30, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First-Class Mail.

                                            s/Caitlin Shrum
                                            Case Manager